Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Mauricio Cepeda Gomez and Angie Carolina Gonzalez Moreno, <br><br> *Plaintiffs*, <br><br> -v- <br><br> Mualema LLC d/b/a Sohha Savory Yogurt, Angela Fout, and John Fout, *in their individual and professional capacity*, <br><br> *Defendants*. | Civil Case No.: _____-cv-_____(___) <br><br><br> **<u>FLSA COMPLAINT</u>** |

**<u>NATURE OF THE ACTION</u>**

1.     Plaintiffs Mauricio Cepeda Gomez and Angie Carolina Gonzalez Moreno ("Plaintiffs" or "Gomez" and "Moreno"), bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiffs' minimum wages and overtime compensation. Plaintiffs also bring these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, overtime wages, spread-of-hours pay, meal break violations and notice requirements.

1

**SUMMARY**

2. Plaintiffs were employed by Defendants, Mualema LLC d/b/a Sohha Savory Yogurt, Angela Fout, and John Fout.

3. Plaintiffs performed various tasks for Defendants such as making deliveries and designing the company's website.

4. Both Plaintiffs worked approximately Seven (7) Days per week, up to Eighteen (18) hours per day at different intervals between November 2013 and July 2014.

5. Plaintiffs were each paid $3,500 for the entirety of their work.

6. Defendants have repeatedly deprived Plaintiffs of their minimum wages, overtime wages and spread-of-hours premium.

7. As a result of Defendants' actions, Plaintiffs both suffered great hardship and damages.

**JURISDICTION AND VENUE**

**Federal Question Jurisdiction and Supplemental Jurisdiction**

8. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

9. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

10. Venue is proper in the Southern District of New York under 8 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### Plaintiffs

**Mauricio Cepeda Gomez**

11. Plaintiff Mauricio Cepeda Gomez ("Gomez") is an adult individual residing in the state of New York, County of Queens.

12. Gomez is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

13. Gomez worked for Defendants from November 2013 to July 2014.

14. Gomez was employed at Sohha Savory Yogurt to perform deliveries and other various tasks for Defendants' store such as assisting customers.

15. Gomez also provided various web services and updates for the shop's website.

16. Gomez regularly handled goods in interstate commerce during his employment, such as the foods and food ingredients he used at the job site that were purchased out of state.

17. During the period of his employment with Defendants, Gomez consistently worked seven days per week for up to 18 hours per day.

18. Since starting work in November 2013, Gomez worked an average of One Hundred to One Hundred and Twenty-Five (100-125) hours per week.

19. For a total of Nine (9) months of work, Gomez only received $3,500 in cash, paid at various intervals.

3

20. Defendants had no clocking system and did not keep any time records during the relevant time period.

21. Defendants failed to pay Gomez at minimum wage for his hours worked.

22. Defendants repeatedly suffered or permitted Gomez to work over Forty (40) hours per week without paying him the appropriate premium overtime pay of one and one half times his regular rate of pay.

23. Defendants have failed to pay Gomez spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Gomez's shift extended for more than ten (10) hours.

24. Gomez was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

25. Gomez was never provided with wage statements or other records detailing dates worked, money received, and the employer's details at any point during the time of his employment with Defendants.

26. Gomez was not provided with statutorily required meal breaks during his shifts.

27. Upon information and belief, while Defendants employed Gomez, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Gomez of such rights.

28. Throughout the duration of his employment, Gomez did not have any supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

29. Gomez consented in writing to be a party to the FLSA claims in this action,

4

pursuant to 29 U.S.C. § 216(b).

**Angie Carolina Gonzalez Moreno**

30.     Plaintiff Angie Carolina Gonzalez Moreno ("Moreno") is an adult individual residing in the state of New York, County of Queens.

31.     Moreno is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

32.     Moreno worked for Defendants from February 2014 to July 2014.

33.     Moreno was employed at Sohha Savory Yogurt to perform deliveries and other various tasks for Defendants' store including assisting customers.

34.     Moreno also provided various web services and updates for the shop's website.

35.     Moreno regularly handled goods in interstate commerce during her employment, such as the food and food ingredients she used at the job site that were purchased out of state.

36.     During the period of her employment with Defendants, Moreno consistently worked seven days per week for up to 18 hours per day.

37.     Since starting work in February 2014, Moreno worked an average of One Hundred to One Hundred and Twenty-Five (100-125) hours per week.

38.     For a total of Six (6) months of work, Moreno only received $3,500 in cash, paid at various intervals.

39.     Defendants had no clocking system and did not keep any time records during the relevant time period.

40.     Defendants failed to pay Moreno at minimum wage for the hours that she worked.

5

41. Defendants repeatedly suffered or permitted Moreno to work over Forty (40) hours per week without paying her the appropriate premium overtime pay of one and one half times her regular rate of pay.

42. Defendants have failed to pay Moreno spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Moreno's shift extended for more than ten (10) hours.

43. Moreno was not provided with a notice containing the rate and basis of her pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

44. Moreno was never provided with wage statements or other records detailing dates worked, money received, and the employer's details at any point during the time of her employment with Defendants.

45. Moreno was not provided with statutorily required meal breaks during her shifts.

46. Upon information and belief, while Defendants employed Moreno, they failed to post notices explaining the minimum wage rights of employees under the FLSA and the NYLL and failed to inform Moreno of such rights.

47. Throughout the duration of his employment, Moreno did not have any supervisory authority over any of Defendants' employees, nor did she exercise discretion or independent judgment with respect to matters of significance.

48. Moreno consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b).

**Defendants**

49. At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiffs, acted in the interest of each other with respect to the restaurant's employees, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

a. Defendants all suffered or permitted Plaintiffs to work.
b. Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiffs.
c. Defendants each have an economic interest in Corporate Defendant in which Plaintiffs worked.
d. Defendants all simultaneously benefitted from Plaintiffs' work.
e. Defendants each had functional and/or formal control over the terms and conditions of work of Plaintiffs.
f. Plaintiffs performed work integral to Corporate Defendant's operation.

50. In the alternative, Defendants functioned together as a single integrated employer of Plaintiffs within the meaning of the FLSA and NYLL.

**Corporate Defendant**

**Mualema LLC**

51. Mualema LLC ("Mualema") is a domestic corporation formed on June 10, 2009, organized and existing under the laws of the State of New York.

52. Mualema owns and operates Sohha Savory Yogurt, located at 1270 Amsterdam Avenue, New York, New York 10027.

53. At all relevant times, Mualema was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

7

54. Sohha Savory Yogurt has multiple employees and is open seven days per week from 7 am to 9 pm, as indicated on their website: http://www.sohhayogurt.net/.

55. At all relevant times, Mualema maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll, and other employment practices that applied to them.

56. At all relevant times, Mualema was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling food and food ingredients that were produced out of state and distributed in New York. In addition, Mualema conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

57. Upon information and belief, at all relevant times, Mualema's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**Individual Defendants**

**Angela Fout**

58. Upon information and belief, at all relevant times, Angela Fout ("Angela") was, at the time of Plaintiffs' employment owner, principal, authorized operator, manager, shareholder and/or agent of Mualema.

59. At all relevant times throughout Plaintiffs' employment, Fout had the discretionary power to create and enforce personnel decision on behalf of Mualema, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedule; instructing and supervising

Plaintiffs; and/or otherwise controlling the terms and conditions for the Plaintiffs while they were employed by Defendants.

60. At all relevant times throughout Plaintiffs' employment, Fout was involved in the day-to-day operations of Mualema.

61. At all relevant times throughout Plaintiffs' employment, Fout was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**John Fout**

62. Upon information and belief, at all relevant times, John Fout ("John") was, at the time of Plaintiffs' employment owner, principal, authorized operator, manager, shareholder and/or agent of Mualema.

63. At all relevant times throughout Plaintiffs' employment, John had the discretionary power to create and enforce personnel decision on behalf of Mualema, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedule; instructing and supervising Plaintiffs; and/or otherwise controlling the terms and conditions for the Plaintiffs while they were employed by Defendants.

64. At all relevant times throughout Plaintiffs' employment, John was involved in the day-to-day operations of Mualema.

65. At all relevant times throughout Plaintiffs' employment, John was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. §

203(d).

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages

64. Plaintiffs reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

65. At all relevant times, Plaintiffs were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

66. At all times relevant, Defendants have been employers of Plaintiffs and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 (s)(1) and 206 (a).

67. Defendants were required to pay directly to Plaintiffs the applicable Federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

68. Defendants failed to pay Plaintiffs their earned minimum wages for all hours worked to which they were entitled to under the FLSA.

69. As a result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216 (b).

70. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

71. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

72. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

73. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

74. Plaintiffs reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

75. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiffs.

76. Defendants have failed to pay Plaintiffs overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

77. As a result of Defendants' violations of the FLSA, Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## THIRD CAUSE OF ACTION

### New York Labor Law – Minimum Wages

78. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

79. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

80. At all relevant times referenced herein, Plaintiffs have been employees of Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL § 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

81. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs.

82. From 2010 to December 30, 2013, the minimum hourly wage in the State of New York was $7.25, and from December 31, 2013 to December 30, 2014, the minimum hourly wage was $8.00, pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.1 and Part 146-1.2.

83. Defendants were required to pay Plaintiffs no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.1 and Part 146-1.2.

84. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiffs, Defendants have violated the NYLL Article 19, §§ 650 et seq., and 12 N.Y.C.R.R. Part 142-2.1 and Part 146-1.2.

85. Defendants also failed to post conspicuous notices of the Plaintiffs' rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8 and Part 146-2.4, further evincing Defendants' lack of good faith.

86. Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of NYLL § 663.

87. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Unpaid Overtime Wages**

88. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

89. The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

90. Defendants have failed to pay Plaintiffs proper overtime which they were entitled to at a wage rate of one and one-half times their regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2 and 12 N.Y.C.R.R. Part 146-1.4.

91. Through their knowing or intentional failure to pay Plaintiffs proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

92. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

93. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FIFTH CAUSE OF ACTION

**New York Labor Law – Spread-of-Hours Pay**

94. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

95. The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

96. Defendants have failed to pay Plaintiffs spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiffs worked more than ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.4 and 12 N.Y.C.R.R. Part 146-1.6.

97. Through their knowing or intentional failure to pay Plaintiffs spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

98. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION

**New York Labor Law – Failure to Provide Notice at the Time of Hiring**

99. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

100. Defendants have failed to provide Plaintiffs, at the time of hiring, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

101. Due to Defendants' violations of the NYLL § 195(1), Plaintiffs are entitled to recover from Defendants statutory damages of fifty dollars ($50) per workweek that the violation occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), pursuant to NYLL § 198 (1-b).

**SEVENTH CAUSE OF ACTION**

**New York Labor Law – Failure to Provide Wage Statements**

102. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

103. Defendants have failed to provide Plaintiffs with wage statements listing their rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

104. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants One Hundred Dollars ($100) for each work week that the violations occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), pursuant to NYLL § 198 (1-d).

**EIGHTH CAUSE OF ACTION**

**New York Labor Law – Meal Break Violations**

105. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

106. The meal provisions as set forth in NYLL § 162(2) and 162(3), apply to Defendants and protect Plaintiffs.

107. Defendants have consistently and repeatedly failed to allow Plaintiffs a meal break lasting at least thirty minutes for any days Plaintiffs worked a shift of more than six hours extending between the hours of 11:00 a.m. and 2:00 p.m. as required by NYLL § 162(2).

108. Defendants have consistently and repeatedly failed to allow Plaintiffs an additional meal break lasting at least twenty minutes for any days Plaintiffs worked a shift starting before 11 a.m. and ending after 7:00 p.m. as required by NYLL § 162(3).

109. Due to Defendants' violations of the NYLL, Plaintiffs have suffered damages by being deprived of their statutorily required meal breaks and are entitled to compensation in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations;

B. Unpaid minimum and overtime wages under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

C. Unpaid minimum and overtime wages and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198 (1-a) and § 663(1);

D.     Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

E.     An award of statutory damages for Defendants' failure to provide Plaintiffs with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

F.     An award of statutory damages for Defendants' failure to provide Plaintiffs with wage statements pursuant to NYLL § 198 (1-d);

G.     An award of damages for Defendants' failure to provide Plaintiffs with statutorily required meal breaks pursuant to NYLL § 162 to be determined at trial;

H.     A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

I.     If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

J.     An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

K.     An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

L.     An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

M.     Such other relief as this Court shall deem just and proper.

Dated: Astoria, New York
       October 2, 2016

|   |   |
|---|---|
|   | Respectfully submitted,<br>**PARDALIS & NOHAVICKA, LLP** |
| By: | _/s/Ariadne Panagopoulou_____<br>Ariadne Panagopoulou (AP-2202)<br>*Attorneys for the Plaintiffs*<br>35-10 Broadway, Suite 201<br>Astoria, New York 11106<br>Tel: 718.777.0400 | Fax: 718.777.0599<br>Email:  ari@pnlawyers.com |

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. 216(b)

## **FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party plaintiff in a lawsuit against **Maulema , LLC** and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. Section 216(b). I hereby designate Pardalis & Nohavicka LLP to represent me in such a lawsuit.

Dated:  8/24/2016

Astoria, New York


*MAURICIO GOMEZ*

Signature


Mauricio Cepeda Gomez

Print Name


4817 45Th St FL 3

Woodside, NY 11377

Address



Telephone

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

### FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party plaintiff in a lawsuit against **Mualema LLC**, and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. section §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 9/2/2016

_[signature]_
Signature

Angie Carolina Gonzalez Moreno
Print

75-22 37th Avenue, Suite 376
Jackson Heights, NY 11372
Address

(+57) 314 4180296
Telephone