UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

X------------------------------------------------------------X
MAURICIO CEPEDA GOMEZ and ANGIE
CAROLINA GONZALEZ MORENO,

                            Plaintiffs,

                              -against-

MUALEMA LLC d/b/a SOHHA SAVORY
YOGURT, ANGELA FOUT, and JOHN FOUT, *in
their individual and professional capacity*,

                            Defendants.
X------------------------------------------------------------X
MUALEMA LLC d/b/a SOHHA SAVORY
YOGURT, ANGELA FOUT, and JOHN FOUT,

                          Counterclaim Plaintiffs/

                          Third Party Plaintiffs,

                            -against-

MAURICIO CEPEDA GOMEZ and ANGIE
CAROLINA GONZALEZ MORENO,

                          Counterclaim Defendants,

and

IMATECK LTDA.

                          Third Party Counterclaim

                          Defendant
X------------------------------------------------------------X

Civ. Case No. 1:16-cv-07706 (PKC)

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs/Counter-Claim Defendants Mauricio Cepeda Gomez and Angie Carolina Gonzalez Moreno, on behalf of themselves and all of their heirs, executors, administrators, attorneys, and assigns (hereinafter, "Plaintiffs"); Third-Party Defendant Imateck Ltda. on its own behalf, on behalf of its present and former directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, owners, and insurers, and on behalf of all of their parents (including but not limited to any grandparent entities, great grandparent entities, and so on), subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys (hereinafter, "Third Party Defendant"); Corporate Defendant/Counter-Claim Plaintiff Mualema LLC d/b/a Sohha Savory Yogurt, on their own behalf, on behalf of their present and former directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, owners, and insurers, and on behalf of all of their parents (including but not limited to any grandparent entities, great grandparent entities, and so on), subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys; and individual Defendants/Counter-Claim Plaintiffs, Angela Fout and John Fout, on behalf of themselves and all of their heirs, successors, executors, administrators, attorneys, and assigns, (collectively "Defendants," and with Plaintiffs and Third-Party Defendant, the "Parties"), hereby agree upon this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows:

1. **Preliminary Matters.** The parties have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement. The parties have had the opportunity to consider their counsel's advice with respect to the foregoing Agreement and enter into this Agreement voluntarily and with a full understanding of its terms.

2. **No Admission of Liability.** The Parties recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the Complaint styled *Cepeda Gomez et al v. Mualema LLC et al*, 1:16-cv-07706-PKC, filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, or which otherwise involves Plaintiffs' alleged employment relationship with Defendants and the alleged separation or termination of Plaintiffs' employment relationship with Defendants.

3. **Dismissal of Pending Action.** For and in consideration of the promises outlined in this Agreement, the sufficiency of which the parties acknowledge, the parties agree: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action and all counter-claims asserted; (2) not to re-file the causes of action asserted in the Pending Action or any other causes of action against each other; and (3) not to institute any action against any party in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or a full release of the parties' claims as specified herein.

2

4.   **Consideration.**

   A.   Defendants agree to pay Plaintiffs the sum of Eighteen Thousand and 00/100 Dollars ($18,000.00), pursuant to the terms set forth in Section 7 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below.

   B.   The Parties acknowledge and agree that the Settlement Payment is full satisfaction of all of Plaintiffs' claims for damages, including but not limited to attorneys' fees, costs, penalties, interest, back wages, and liquidated damages.

   C.   Plaintiffs and Third Party Defendant agree to transfer ownership to the Defendants of the domain name www.sohhayogurt.com currently held by Plaintiffs and Third Party Defendant in accordance with the schedule set forth below in Section 7.

5.   **Mutual General Release of all Claims by all Parties**

   A.   The parties, as defined above, release each other from any and all claims, charges, actions, and causes of action of any kind or nature whatsoever that the parties once had, could have had, or now have against each other, for any reason whatsoever, whether such claims are now known or unknown to each other, from the beginning of the world to the date of this Agreement. This Release is unrestricted in any way by the nature of the claim and includes, but is not limited to, all claims raised in the present action.

   B.   This release does not affect or limit: (1) claims that may arise after the date the parties sign this Agreement; (2) the parties' rights to enforce the terms of this Agreement; and (3) any other claims that, under controlling law, may not be released by private settlement.

6.   **Plaintiffs' Responsibility for Taxes.** Consistent with Defendants' claims that Plaintiffs were, at all times, independent contractors and not employees of any Defendant, Plaintiffs assume full responsibility for the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiffs and/or Plaintiffs' Counsel pursuant to this Agreement.

7.   **Payment and Transfer of the Domain Name.**

   A.   In consideration of the promises of Plaintiffs set forth herein, Defendants shall issue the Settlement Payment set forth in Section 4 as a full and complete settlement and in final satisfaction of any and all claims forming subject matter of the Pending Action, that Plaintiffs have or may have against Defendants, through the date Plaintiffs execute this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be due and payable via certified bank checks to "Pardalis & Nohavicka, LLP *as attorneys for* Mauricio Cepeda Gomez and Angie Carolina Gonzalez Moreno", delivered to Pardalis & Nohavicka, LLP at 3510 Broadway Suite 201, Astoria, New York 11106.

3

B.       The Settlement Payment will be distributed as follows: (a) Plaintiffs will receive a total sum of Twelve Thousand Dollars ($12,000) to be distributed evenly between them; and (b) Plaintiff's Counsel will receive a total sum of Six Thousand Dollars representing attorney's fees and costs. For the sake of clarity however, Defendants are only responsible for paying the Settlement Payment in the amounts and on the dates set forth in Paragraphs 7(C) and (D).

C.       The Settlement Payment shall be made in two installments. The first installment of $9,000 will be made five (5) business days following the Court's approval of this settlement Agreement as fair and reasonable provided that: (a) Plaintiffs have executed this Agreement and delivered the same to Defendants' counsel; and (b) Plaintiffs' Counsel has executed and delivered to counsel for Defendants a valid IRS Form W-9.

D.       Following Defendants' payment of the first installment, Plaintiffs shall transfer ownership of the Defendants of the domain name www.sohhayogurt.com currently held by Plaintiffs. Five (5) business days following the date that such transfer is complete, Defendants shall make the second payment installment of $9,000.

E.       Plaintiffs' Counsel will hold both settlement checks in a client escrow account until the United States District Court for the Southern District of New York enters an order dismissing the Lawsuit with prejudice. Once the settlement checks clear the Plaintiffs' Counsel's escrow account, Plaintiffs shall file a Stipulation of Dismissal with the Court, dismissing this case in its entirety with prejudice, and without costs or attorneys fees to either party.

F.       No sum of money will be distributed from Plaintiffs' Counsel's escrow account to Plaintiffs or to Plaintiffs' Counsel's operating account unless and until the Court fully and finally dismisses the Pending Action with prejudice. In the event the Court does not dismiss this Pending Action, the settlement amount will be immediately returned to Defendants'.

G.       The total amount of the Settlement Payment shall be made without any tax withholdings and shall be reflected on a valid IRS Form 1099 issued to Plaintiffs' Counsel, subject to the Court's review and approval of this Agreement.

8.       **Mutual Non-Disparagement.** The parties will not disparage each other, or issue any communication, written or otherwise, that reflects adversely on or encourages any adverse action against each other, except if testifying truthfully under oath pursuant to any lawful court order or subpoena or otherwise responding to or providing disclosures required by law.  This includes any statement to or response to an inquiry by any member of the press or media whether written, verbal, electronic, or otherwise. Nothing herein is meant to prohibit any party from making truthful statements regarding their experience in litigating this case.

9.       **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue and jurisdiction for any

4

dispute between the parties shall lie in the United States District Court for the Southern District of New York. However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York. Plaintiffs acknowledge that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

10.     **Liability in case of breach.** In the event that a Party believes that the other Party has failed to comply with any term of this Settlement Agreement, that Party shall provide written notice to counsel for the other Party detailing the claimed violation(s) or breach(es). Within thirty (30) days of receipt of that notice, the Parties will engage in good faith discussions to resolve the issue. Thereafter, if the Parties disagree on the matters set forth in the notice, they will settle the dispute by seeking appropriate legal and/or injunctive relief, and the prevailing party will be entitled to an award of its reasonable attorneys' fees and costs.

11.     **Status of Settlement If Case Is Not Ultimately Dismissed.** In the event the Court does not dismiss the Pending Action as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

12.     **Important Acknowledgments.** It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

13.     **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

14.     **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

15. **No Waiver.** Failure by any party to enforce or seek to remedy any breach under this Agreement shall not be construed as a waiver of such rights nor shall a waiver by either party of default be construed as constituting a continuing waiver or as a waiver of any other breach.

16. **Execution In Counterpart and Facsimile Signatures.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

17. **Knowing and Voluntary Release of Claims.** The parties acknowledge that:

A. They have carefully read this Settlement Agreement and they fully understands its meaning;

B. They have consulted with an attorney before signing the Settlement Agreement, or that they have chosen to waive this right;

C. They are signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

D. Everything each party is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause any party to sign it.

18. **Severability.** Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by another competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

**[THIS REMAINDER OF THIS PAGE HAS BEEN LEFT BLANK INTENTIONALLY]**

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer, to execute this Agreement.

**PLAINTIFFS:**

_MAURICIO GOMEZ_ (signature)

**MAURICIO CEPEDA GOMEZ**
Date: 06 DEC, 2017

(signature)

**ANGIE CAROLINA GONZALEZ MORENO**
Date: 06 DEC, 2017

**DEFENDANTS:**

**MUALEMA LLC D/B/A SOHHA SAVORY YOGURT**

By: (signature)
Authorized Officer

Date: 12/29, 2017

(signature)

**JOHN FOUT**
Date: 12/29, 2017

(signature)

**ANGELA FOUT**
Date: 12/29, 2017

**THIRD PARTY DEFENDANT**

**IMATECK LTDA.**

By: (signature)
Authorized Officer

Date: 06 DEC, 2017

7