UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MAURUCUI CEPEDA GOMEZ and
ANGIE CAROLINA GONZALEZ MORENO,

                Plaintiffs,                16-cv-7706 (PKC)

    -against-

                                            ORDER

MUALEMA LLC, et al.,

                Defendants.
-----------------------------------------------------------x
CASTEL, U.S.D.J.

        This action by plaintiff asserts claims under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as well as other wage-and-hour type claims. I have reviewed the financial and contractual terms, in view of the totality of circumstances, and mindful of the Circuit's holding in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

        *Cheeks* gave examples of "the potential for abuse," including a settlement agreement that "included (1) 'a battery of highly restrictive confidentiality provisions . . . in strong tension with the remedial purposes of the FLSA;' (2) an overbroad release that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues;' and (3) a provision that would set the fee for plaintiff's attorney at 'between 40 and 43.6 percent of the total settlement payment' without adequate documentation to support such a fee award" and one that "'contained a pledge by plaintiff's attorney not to "represent any person bringing similar claims against Defendants'." 796 F. 3d at 206 (citations omitted).

        Here the financial terms are fair, reasonable and adequate and they are approved. The mutual releases in this case would ordinarily be overbroad but the claims and counterclaims

in this case are unusual. There are assertions that the plaintiffs and a company they own, third-party counterclaim defendant Imateck LTDA, performed webdesign and entered into certain contractual arrangements that were allegedly breached. The settlement includes a transfer of a web domain name by plaintiffs and Imateck to defendants. It is also asserted that the plaintiffs lived in the individual defendants' home and were obligated to pay rent but did not.

The plaintiffs are represented by counsel in this action. The individual defendants are pro se. On these unusual facts, the mutual release and non-disparagement clauses appear appropriate. The settlement is approved as fair and reasonable.

The Court has reviewed the attorneys' fees and expenses. On this record, the attorneys' fees and expenses requested are approved.

The claims and counterclaims are dismissed with prejudice as to all parties. The Clerk is directed to close the case.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 5, 2018